WILLIAM MULDROW, Respondent, v. SAMUEL NORRIS, Appellant.

Courts of equity will set aside awards for fraud, mistake or accident. An award may be set aside for a mistake of law when it appears on the face of the award.

Arbitrators, under a general submission, are not bound to decide according to strict law but where they intend to decide according to law, a mistake apparent on the face of the award is fatal.

If the arbitrators state the reasons of their award, it will be presumed they intended to decide according to law.

A stipulation in the submission that neither party should appeal, and a power of attorney to confess judgment pursuant to the award, will not bar an appeal from a judgment on the award; especially under our system where law and equity are blended together.

An award bad in part may be enforced for the part that is good if not attacked for fraud, and the matter is divisible.

Contemplated and contingent profits cannot be allowed as damages.

The agreements of parties cannot divest courts of their proper jurisdiction.

APPEAL from the District Court of the Sixth Judicial District, for the County of Sacramento.

At the March Term, 1851, of the District Court, Muldrow filed in said Court, sealed articles of submission, dated February 14th, 1851, executed by himself and Norris, reciting that various differences had long existed between the parties, and submitting all matters of difference, suits, &c., arising or accrued before the 1st day of December, 1850, to White, Homer and McDaniel, and agreeing that the award of them, or any two of them, should be final and conclusive; and constituting the said arbitrators, jointly and severally, attorneys in fact, to confess judgment in said Court against the parties, or either of them, according to the award to be made by the arbitrators; and further agreeing that neither party should appeal from such judgment, nor sue out any writ of *certiorari*, or other writ to review the same, or prevent execution thereon; and declaring the submission and power of attorney irrevocable, provided the award should be made on or before the 1st of April, 1851; and authorizing the arbitrators to

determine as to the costs of the arbitration, and of all suits between the parties, &c.  Muldrow, at the same time, also filed the award of Homer and McDaniel, made February 28th, 1851, which, after reciting the submission, &c., awarded, in substance, as follows: That Norris had violated a lease executed by him to Muldrow, in November, 1849,—which lease was by the award declared valid; and thereby caused damage to Muldrow in the sum of $23,500, as follows; that by the lease, Muldrow might use, at his option, from one to 1000 acres of land belonging to Norris; that Muldrow was able and desirous to cultivate 200 acres of said land, but was prevented by Norris from using more than 40 acres, and thus deprived of the use and profits of 160 acres; that the produce of 20 acres of the said land was proved to have been worth $9000, making the produce of 200 acres, when cultivated, worth $90,000; that by the lease Norris was to receive one-fourth of the produce; which would have left $67,500 for Muldrow, had he cultivated the 200 acres; that after deducting from said $67,500, three-fourths of the gross amount for the expense of ditching and cultivating the 160 acres, and $3375 for the use of the 40 acres cultivated by Muldrow, there remained a balance of $13,500 in his favour; to which the arbitrators added $6000 damages for the violation by Norris of Muldrow's Ferry privileges, and $4000 damages for the refusal of Norris to furnish Muldrow the number of cows specified in the lease; making in all the said sum of $23,500: and further awarding to Muldrow the use of the 200 acres referred to, as designated in a map made an exhibit, and of the ferry; that the expenses of the arbitration be paid by the parties equally; that the costs of the suits referred to in the submission be paid by Norris; and that the parties execute mutual releases.

Thereupon Homer, as attorney in fact for Norris, filed in Court a written confession, authorizing the entry of judgment against Norris, pursuant to the award: and on motion of Muldrow, judgment was accordingly entered in his favour against Norris for $23,500, and one-half of the costs of the arbitration, and the costs of the suits, &c., and of that suit.  On the same day Norris filed in Court sixteen written objections against the entry of judgment on the award, alleging mistake, bias, and corruption in the arbitrators, &c., and praying that the award be set aside.  A great

deal of evidence was adduced on the hearing of the motion; but as it is not noticed by the Court, it is deemed unnecessary to state it. It seems Norris revoked the submission prior to the application for judgment on the award, but after the date of the award. The Court overruled the motion to set aside the award: and Norris excepted and appealed.

*D. Stevens* for the appellant. 1st. The power of the arbitrators was determined by the revocation, and the subsequent entry of judgment was irregular. Story's Equity, p. 615; 8 Wheat. 174; Russ. Arb. 93, 151, 162; Wats. Arb. 26, 36, 38. As to what constitutes publication of an award, see Russ. 207–8. 2d. The Court will set aside an award for errors apparent on its face. 3 East, 18; 1 Wash. 56; 1 Johnson, Ch. 101; 1 Ves. 11; 3 Atk. 644; 1 Ib. 64; 2 Vern. 705; Russ. Arb. 202, 243, 250; 4 B. & C. 269; 8 Taunt. 636; 5 M. & S. 504; 3 Ib. 580; 13 East, 357; 2 B. & P. 371–4; 2 Munf. 8; 2 Ves. 15, 24; 1 Ib. 319; 6 Ib. 70; 2 Gall. 61; 3 Wash. 45; 5 Wheat. 394; 1 Taunt. 53; 4 Porter, 70; 1 U. S. Dig. 216; 3 McLean, 509. 3d. The damages allowed were too remote. Only the difference between the contract price and the price of other land should have been allowed. Sedgw. 63–7, 78, 98, 191. Young *v.* P. M. S. Ship Co., in this Court. 4th. The award did not determine all matters in controversy. Russ. 225. 4th. The award is uncertain. 5 Wheat. 394; Russ. 232–5. 5th. The award is unconscionable. 4 Porter, 70; 17 Johns. 410–20; 9 Ves. 69; 1 Ves. jr. 370, 221, note; 7 U. S. Dig. 46. 6th. The arbitrators were guilty of misconduct, in conversing with Muldrow, &c., 6 Ves. 70, note; 9 Ib. 67. 7th. The two arbitrators were guilty of misconduct in making the award without consulting the third, and in resorting to subterfuge to avoid his presence, &c. Russ. 191, 443; 3 Ad. & E. 245; 12 Mees. & Wels. 712; 1 Sim. & Stu. 524; 9 Dowl. 962; Wats. 73.

*Thomas* and *Morse* for the respondent. 1st. The appeal is barred by the stipulation in the submission. 1 Troubat, 435; 2 Ib. 570–3; 10 Serg. & R. 418; 7 Ib. 366; 8 Ib. 113; 3 Penn. 291. 2d. The revocation was after the award was made and published, and therefore null. 1 Steph. N. P. 98, 143; Wats. Arb. 9. 3d. The power to confess judgment was a security, and

irrevocable. 1 Steph. N. P. 48. So by statute, when a submission is made a rule of Court, it is irrevocable. Ib. 49. The submission was a contract, and irrevocable. Story's Cont.; Kent *v.* Bousmain, 5 Pet. Cond. R. 400. 4th. In support of the award, see 2 Sto. Eq. sects. 1154, 1156, 1452; 12 Wend. 177; 1 Ves. 369; 1 Bac. Abr. 328, 363, 369; 1 Steph. N. P. 71–3, 94, 124; Wats. Arb. 119, 135, 230, 845; 1 Wash. 158; 4 Kent, 105; Sedgw. Dams. 64–7, 74–6, 81–4; 2 Johnson's Ch. 358; 1 Ib. 101; 2 Cow. & Hill's notes, 222–34; 2 Pet. Cond. R. 463.

Justice MURRAY delivered the opinion of the Court. It is unnecessary, for the determination of this cause, to consider many of the points raised on the argument. The first point we propose to examine, is, as to the power of the Court below to inquire into the award now before us. It is a well settled principle that courts of equity, in the absence of statutes, will set aside awards for fraud, mistake, or accident, and it makes no difference whether the mistake be one of fact or law. It is true, under a general submission, arbitrators have power to decide upon the law and facts: and a mere mistake of law cannot be taken advantage of. The arbitrators are not bound to award on principles of dry law, but may decide on principles of equity and good conscience, and make their award *ex æquo et bono.* If, however, they mean to decide according to the law, and mistake the law, the courts will set their award aside. A distinction seems to have been taken in the books between general and special awards. In the case of a general finding, it appears to be well settled that courts will not inquire into mistakes by evidence *aliunde:* but where the arbitrators have made any point a matter of judicial inquiry by spreading it upon the record, and they mistake the law in a palpable and material point, their award will be set aside. 2 Sto. Eq., sec. 1451. The mere act of setting forth their reasons must be considered for the purpose of enabling those dissatisfied to take advantage of them. Kent *v.* Elstob, 3 East. In all cases where the arbitrators give the reasons of their finding, they are supposed to have intended to decide according to law, and to refer the point for the opinion of the Court. In such cases, if they mistake the law, the award must be set aside; for it is not the opinion they intended to give,

the same having been made through mistake.   Kline *v.* Katara, 2 Gall.   In the case already cited, the Court say, "these special awards are not to be commended, as arbitrators may often decide with perfect equity between the parties, and not give good reasons for their decision; but when a special award is once before the Court, it must stand or fall by its own intrinsic correctness, tested by legal principles."    See also Chance *v.* Westman, 13 East; Williams *v.* Craig, 1 Dall.; Kyd on Awards, 351; 1 Steph. N. P. 75.

In the case before us, the arbitrators have set forth the particular grounds upon which their finding was based: and it follows from the authorities already cited, that the correctness of the principles by which they must be supposed to have been governed is a proper subject for judicial inquiry.

The main error alleged as appearing on the face of the record, is, that the arbitrators erred in estimating the amount of damages.    The calculation is based upon the fact, that the product of twenty acres of land was worth $9000, from which the arbitrators infer the product of two hundred acres would have been worth $90,000.    The damages thus estimated are too remote and speculative, and involve too many contingencies.   Young *v.* P. M. S. Co., in this Court, and Sedgewick, p. 98.   The rule adopted by the arbitrators was clearly illegal: and an award rendered upon such a basis was unconscionable.

It is contended that this appeal should be dismissed, because the appellant stipulated in his submission bond, not to appeal from the award of the arbitrators.   The agreements of parties cannot divest courts of law or equity of their proper jurisdiction. Notwithstanding the difference of opinion that may have existed as to the jurisdiction of courts of law and courts of equity on this subject, we are of opinion that a court of equity, in the absence of any statute, where the parties have stipulated not to appeal, may interfere to correct fraud or mistake appearing on the face of the record.   Neither do we think the remedy resorted to by the appellant improper, under our peculiar system, where law and equity are blended together.   The judgment was *in fieri* at the time the motion was made.   The Court below erred in not setting the judgment aside, for mistake of law apparent on the face of the award.

The judgment of the Court below must be reversed; and the appellee left to his remedy at law.

*Thomas* and *Morse*, for the respondent, filed a petition for re-hearing, on the ground that the award was at least good for the $6000 for violation of ferry privileges, and the $4000 for refusal to furnish cows, &c.; contending that an award bad in part, might be enforced for so much as was valid.   They cited Wats. Arb. 135; 2 Cow. & Hill's Notes, 223–4; 1 Pet. 229; 1 Hen. & M. 67; 1 Rand. 449; 1 Wend. 326; 1 Greenl. 300; 6 Ib. 247; 6 Har. & J. 264; 8 Mass. 399; 13 Ib. 244; 13 Johns. 264; 14 Mass. 43; Harding, 326; 2 Cow. 638; 1 Ib. 117; 4 Dall. 285; 3 Yeates, 567; 5 Wheat. 394; 2 Caines, 235; 3 Cow. 70; 5 Ib. 197.

Saturday, February 21.

Justice MURRAY delivered the opinion of the Court.  This case was decided at the present term; and the appellee now moves the Court for a re-hearing and modification of the judgment, on the ground that a court will not set aside portions of an award which are correct, and made without mistake of law or fact. This principle is correct; and it is proper for courts to distinguish between those portions which are good, and those which are not, where the award is not attacked on the ground of fraud, and the subject-matter is in its nature divisible.   The judgment of this Court was based on the refusal of the Court below to set aside a judgment rendered on an award illegal upon its face; and we feel no disposition, after passing generally upon the decision of the Court below, to open up our decision.   Whatever rights the appellee may have, must be asserted in the Court below.

Motion overruled, and re-hearing denied.