## CARSLEY *v.* LINDSAY.

INSTANCE of an award not void for uncertainty.

An award cannot be impeached because contrary to law and evidence. The Practice Act, (Section 385, *et seq.*) prescribes the sole grounds to vacate an award by the Court, on motion.

That the arbitrator did not act upon all the items or property, of a partnership, is no ground for vacating his award. Certainly not, if the facts were not brought before him.

Where a submission to arbitration is made an order of Court, under the Practice Act, the Clerk may enter judgment on the award, in due time, without any further order of the Court.

*Heslep* v. *San Francisco*, (4 Cal. 1,) in this respect, overruled.

APPEAL from the First District.

The parties, partners in the Salamander Iron Works, of Los Angeles, having disagreed as to the settlement of their affairs, on the 30th day of May, 1859, entered into the following submission :

"This submission, made and entered into this 30th day of May, 1859, by and between R. B. Carsley and D. B. Lindsay, witnesseth :

Whereas, the said parties, on, or about, the 9th of September, 1858, made, and entered into, a copartnership, at said city of Los Angeles, which has continued up to the present time, being desirous of dissolving said partnership, are unable to agree upon the settlement of the accounts thereof, and concerning the proportions and shares, which now belong to each party therein.

Now, therefore, in consideration of the premises, and to avoid recourse to a suit in the Courts, the parties have agreed to mutually submit, and hereby do submit, and refer, the whole matter of the settlement and adjustment of said partnership, as between the parties, to Myron Norton, Esq. And do mutually covenant and agree, each to, and with, the others, to observe and abide by the decision and award of such Arbitrator; and we further agree, that the award and decision of said Arbitrator,

shall be made an order of the District Court of the First Judicial District, and such award shall be made within twenty days from the date hereof."

Signed and sealed by the parties, and filed in Court, May 31st, 1859.".

The award was as follows:

"In the matter of the arbitration between Robert B. Carsley and Daniel B. Lindsay:

The above cause having come on to be heard and determined, before the undersigned, Myron Norton, named as Arbitrator in the submission of the parties, filed in the Court, to wit: on the 31st day of May, and the 1st and 2d days of June, 1859, the parties on each day appearing, and all and singular, the evidence, having been heard, I hereby make award herein, as follows:

That the said Robert B. Carsley is accountable to the partnership, lately existing between him and said Lindsay, in the sum of four hundred and ninety-one dollars and thirty-two cents.

And that the said Daniel B. Lindsay is accountable to the said partnership in the sum of two thousand nine hundred and five dollars and eighty-one cents.

And that, by reason of the premises, the said Carsley is entitled to have and recover of said Lindsay, one-half the difference between said amounts, viz: two thousand seven hundred and seven dollars and twenty-four and one-half cents, and that the said partnership between the said Carsley and Lindsay, from this date should be dissolved.

                    MYRON NORTON, Arbitrator."

The judgment was for plaintiff according to the award, which, being set aside, plaintiff appeals.

*P. L. Edwards*, for Appellant.

I.   The submission embodied all the requirements of the statute, and became a valid order of the Court.   Every requirement of the statute was subsequently observed and carried into effect, and therefore the entry of the award by the Clerk became a judgment of the Court.   (Practice Act, Secs. 380, 382, 385.)

II.   The Court could only vacate the award and judgment on

Carsley *v.* Lindsay.

motion for the causes specified in the statute. (Practice Act, Sec. 386.) By the common law, an award could only be attacked by bill in chancery, and to give any force to this statutory remedy, by motion, the statute must be strictly pursued. Here there is no allegation of fraud, nor of other causes of such motion. The submission and award are equally comprehensive, and equally definite and perfect.

III. If any matter of difference between the parties was left undetermined, it was because they were not brought before the Arbitrator, and there could be no error in his not acting upon them. This proposition is too familiar to justify the citation of authority.

*Geo. Cadwalader,* for Respondent.

The action of the Court below embraced two things : 1st, setting aside the judgment entered by the Clerk on the award ; 2d, setting aside the award, and ordering the Arbitrator to rehear and redetermine the matter in dispute between the parties. Neither the award, a copy, or a duplicate thereof, was served upon or delivered to Respondent, and, therefore, the Court below was correct in setting aside the judgment or entry of an award by the Clerk. (1 Bac. Abr. 345; Practice Act, Sec. 385 ;- 5 Coke, 103; 10 B. Mun. 5.) Nor was the application made to the Court for judgment on the award; the judgment was, therefore, bad. (*Heslep* v. *San Francisco,* 4 Cal. 1; *Peabody* v. *Phelps,* 7 Id. 53; 5 Wend. 102.)

The award did not conform to the submission, but left open and undetermined the whole affairs of the copartnership.

It dissolved the copartnership, but did not provide for the payment of the creditors of the copartnership.

Did not dispose of the house and lot belonging to the firm, known by the name of " The Salamander Iron Works," which were subject to the mortgage given by the firm for the purchase-money of the lot.

Did not dispose of the tools used by the parties in their business, worth several hundreds of dollars.

Did not give either party the right to collect the debts due the firm, or say to whom they should belong.

Did not provide for the settlement of the accounts with Abel Stearnes.

Did not in fact settle any partnership matter, but left the whole for future litigation.

The consideration for the submission wholly failed; the award does not determine how the accounts of the copartnership should be settled. The relative proportions or shares of the parties therein makes no complete and final adjustment, does not do away with the necessity of recourse to Courts of Law or Equity, and is therefore clearly bad. (Kyd on Awards, 208.)

The point is made, that the award follows the submission, inasmuch as the record does not show that the Arbitrator refused to pass upon any of the matters brought before him, and that, therefore, by presumption, the Court will consider that but one item of difference was involved, and sustain the award.

The correctness of this point depends upon the meaning of the submission. We construe it so that three things were to be done by the Arbitrator, viz:

· 1. A settlement of the accounts due the copartnership and due to the firm by third parties. 2. A determination of the shares and proportions of the parties in the residue after payment of debts. 3. A full and final adjustment of the affairs of the copartnership.

The award merely complies with the second difference, ignores the existence of the two other points of difference specified in the submission. (*Randall* v. *Randall*, 7 East, 81; Caldwell on Awards, 236.)

Under our statute, the award of an Arbitrator is nothing but the report of a referee; and in this case the award, upon its face, ought to have disclosed an account stated between the parties, the facts found by the Arbitrator, and his conclusions of law thereupon. (4 Cal. 125.)

BALDWIN, J. delivered the opinion of the Court—COPE, J. and FIELD, C. J. concurring.

Differences having arisen between these parties, who had been partners in trade, a submission was made of these matters to an Arbitrator. This submission was filed in the office of the Clerk of the District Court. By the agreement, the award was to be made the order of Court. An award was made in favor of the Appellant here, and it was afterward entered by the Clerk of the

Court, after notice to Respondent, upon the record, as a judgment.

Respondent subsequently, on motion, obtained an order of the Court vacating the award, upon certain grounds to be noticed hereafter, and an order was made remanding the case of the Arbitrator for further proceedings. Appellant moved to set aside the order; this motion was denied; and the appeal is now from these proceedings of the District Court.

1. The first ground assigned for this action of the Court was, that this award is void on its face for uncertainty. But in what that uncertainty consists we are unable to perceive. The award is brief—but comprehensive, going to the result of the accounts between the parties, without detailing the process by which that result was reached; but it is clear and precise, leaving no doubt as to the meaning.

2. The second ground is, that the award is contrary to law and evidence. But we are not aware that an award of an Arbitrator can be impeached on this ground. (2 Cal. 74; 4 Id. 205.) An impeachment on this ground was not admissible at common law, and, if it were, our statute, (Practice Act, 385, et seq.) prescribes other grounds, as those upon which alone the award can be vacated by the District Court upon motion.

3. That the award does not comprehend all the property of the partnership, and, therefore, was incomplete and partial—not embracing all the matters submitted.

The award does seem to embrace the entire subject submitted. At least, there is nothing shown on the record to the contrary. The fact that there were other items or pieces of property not specifically acted upon, but which might have been included, is no cause for impeaching an award. For, if so, scarcely any submission of a long partnership account could stand. If such omission could avail at all, as a ground for vacating the award, it must be shown that the facts were brought before the Arbitrator, and that he refused to pass upon them. It will not do for a party to withhold his proof from the Arbitrator, when he has a fair opportunity of presenting it, and then claim to set aside the award because the Arbitrator did not act upon or in reference to it. The Arbitrator had no means of knowing the partnership debts, credits, or property, except through the parties; and, if they did not bring

Carsley *v.* Lindsay.

the facts to his knowledge, it is no ground for setting aside the award that he did not pass upon them.

4. It is also urged, as a ground for vacating the award, that it was entered by the Clerk as a judgment, without the order of the Court.    The 385th Section of the Practice Act provides that: " The award shall be in writing, signed by the Arbitrators, or a majority of them, and delivered to the parties.    When the submission is made an order of the Court, the award shall be filed with the Clerk, and a note thereof made in his register.    After the expiration of five days from the filing of the award, upon the application of a party, and on filing affidavit showing that notice of filing the award has been served on the adverse party or his Attorney, at least four days prior to such application, and that no order staying the entry of judgment has been served, the award shall be entered by the Clerk in the judgment book, and shall thereupon have the effect of a judgment."

It is not necessary to obtain an order of the Court or Judge to enable the Clerk to make this entry in the case provided.    The agreement itself is a consent that judgment shall be so entered, and it may then be entered by the Clerk like a judgment by default, subject, as provided by statute, to the action of the Court. It is true, in *Heslep* v. *San Francisco,* (4 Cal. 1,) there seems to be a *dictum* of Chief Justice Murray, that an order of the Court is necessary, but that case was different from this in the facts, and the *dictum* not at all necessary to the decision of the case, nor one of the grounds of the decision.    It is clearly erroneous, for it is provided, that, after the expiration of five days from the filing of the award, etc. the award shall be entered by the Clerk. As this time of notice, etc. is independent of any terms of Court, it is not to be supposed, in the absence of any provision for the action of the Court or Judge, that this order shall be made by him ; nor, as the entry on the facts is a matter of course, does there seem to be any necessity for calling into action the powers of the Court.

Some other objections were urged to the award, but there is nothing in them requiring further notice.

The judgment vacating the award is reversed, and cause remanded.