## BLAIR v. WALLACE.

WHERE an award is objected to on the ground that it embraces matters not in fact submitted, though within the general terms of the submission, it lies with the objecting party to show affirmatively in what the arbitrators have exceeded their authority. Without such showing the award will be sustained.

Thus, where the agreement of submission recited a sale and resale of certain lands, out of which transaction disputes and misunderstandings had arisen, and the submission was of " all and every matter of dispute arising from or growing out of the transaction, aforesaid," an award that one party receive from the other a certain amount of money and convey to him the lands mentioned, is *prima facie* authorized by the submission.

Wherever parties may by their own act transfer real property, or exercise any act of ownership with regard to it, they may refer any disputes concerning it to the decision of arbitrators, who may order the same acts to be done which

the parties themselves might do by agreement. This was the rule at common law and is not altered by section three hundred and eighty of the Practice Act.

APPEAL from the Sixth Judicial District.

On the seventeenth day of June, 1861, James Blair, Henry Blair, and B. F. Wallace executed the following articles of arbitration:

" STATE OF CALIFORNIA, }
City and County of Sacramento. }

" District Court, Sixth Judicial District. *James Blair et al.*, plaintiffs, v. *B. F. Wallace*, defendant.

" Whereas, the defendant on the sixteenth day of December, A. D. 1858, bought from said plaintiff, Henry Blair, real estate situate, lying, and being in Sacramento County, and gave in payment therefor certain notes; and whereas on the ——— day of July, A. D. 1859, the said defendant sold and conveyed to the plaintiff, James Blair, a part of the same lands; and whereas on the last mentioned sale certain conditions were to be performed by the defendant and the said plaintiff, James Blair; and whereas various and sundry misunderstandings and disagreements exist between the plaintiffs and the defendant concerning the said transactions; and whereas the said James Blair and Henry Blair, and the said B. F. Wallace are desirous of making a full and complete settlement of all matters whatsoever now at dispute between them, the said Henry Blair and James Blair, and the said B. F. Wallace, and particularly are desirous of determining and effecting a settlement of all matters connected with the said transactions, and at the same time are desirous of avoiding a suit at law in the Courts of this State. Now, therefore, it is stipulated and agreed by and between the parties hereunto, that all and every matter of dispute arising from or growing out of the transactions aforesaid be referred to John B. Burton and P. H. Russell for arbitration, adjudication, and determination, and that their award, when made, shall have like force and effect as a judgment of this Court, and for the purpose of obtaining an award it is hereby stipulated and agreed that in case the said arbitrators shall disagree between themselves then and in that

event they shall have power to call in a third party, and a decision of a majority of such three' shall stand and be entered as the award and decision of the arbitrators, and may be entered and enforced by this Court with the like force and effect as a judgment of this Court entered herein.   And it is further stipulated and agreed, that this submission be entered as an order of this Court.   And it is hereby further stipulated and agreed by and between the parties hereto, that upon the hearing before the arbitrators each party may offer himself and shall be admitted as a witness on his own behalf."

On the fourteenth day of May, 1862, the arbitrators filed in Court their award, in which they determine: " That said James Blair shall first pay unto B. F. Wallace the full sum of nine hundred and sixty-five dollars ; that upon the payment of said sum of nine hundred and sixty-five dollars by said Blair to said Wallace, the said Wallace shall make, execute, and deliver unto the said James Blair, his heirs and assigns, a good and sufficient deed of conveyance of and to all that certain tract of land situated in the county of Sacramento, State of California, originally conveyed by said Henry Blair to said Wallace on the —— day of December, 1858, [here follows a description of the land] and said Wallace shall immediately, upon the execution and delivery of said deed, deliver unto said James Blair full and quiet possession of said lands and the appurtenances, and forever after refrain from doing any act or thing in and about the premises which shall disturb or tend to disturb said Blair's possession, or the possession of said Blair's heirs or assigns.   And said Wallace shall further transfer and deliver unto said James Blair all the personal property which was situated on said land at the time of said aforementioned conveyance, or so much thereof as now remains thereon or in his possession."

On the filing of the award, it was ordered that it be entered as the judgment in the case.   On the thirty-first of May, 1862, defendant, by his counsel, moved the Court to vacate the award on the ground that the arbitrators had exceeded their power in passing upon matters not submitted to them, and in passing upon a question of title to real property, which motion was, on the seventeenth of

October, 1862, denied by the Court. The evidence before the arbitrators was not brought before the District Court, nor is it contained in the transcript on appeal.

The appeal is taken by defendant from the judgment and the order denying the motion to vacate the award.

*Hereford & Williams*, for Appellant, cited chap. 4, sec. 380, of the Practice Act.

*Winans & Hyer*, for Respondent.

FIELD, C. J. delivered the opinion of the Court—NORTON, J. concurring.

It appears from the recitals of the submission entered into between the parties, that in December, 1858, the defendant purchased of *Henry* Blair, one of the plaintiffs, certain real estate situated in the county of Sacramento, and gave his promissory note for the purchase money; that in July, 1859, the defendant sold and conveyed a portion of the premises to *James* Blair, the other plaintiff; that upon the last sale certain conditions were to be performed; and that various and sundry misunderstandings and disagreements existed between the parties " concerning the said transactions." The submission was of " all and every matter of dispute arising from or growing out of the transactions aforesaid." The award of the arbitrators was, that James Blair pay to the defendant the sum of nine hundred and sixty-four dollars; and that the defendant execute to him a good and sufficient deed of the property purchased, in December, 1858, of Henry Blair, and deliver possession of the same, together with the personal property thereon, and forever afterwards refrain from disturbing the possession of the grantee. This award the defendant moved to vacate, on the alleged ground that the arbitrators exceeded their authority in passing upon matters not submitted to them, and in passing upon a question of title to real property. The motion was denied, and in this respect, we think, the ruling of the Court was correct.

The matters awarded, so far as we can perceive, are embraced within the general terms of the submission. We cannot, it is true,

affirm that a conveyance of the property designated, or its posses-
sion, were within the contemplation of the parties. Yet they may
have been the very matter in dispute, about which the whole dis-
agreement between them arose. It lies with the parties objecting
to the award to show affirmatively that it embraces matters not in
fact submitted, and this they have not done.

It does not appear that any question of title was involved in the
matters determined. If the parties had agreed, as may have been
the case, to execute a conveyance, the award only amounts to a
decision that they carry the agreement into effect. " The law is
well settled," says the Supreme Court of New York, " that where
the parties might, by their own act, transfer real property, or exer-
cise any act of ownership with respect to it, they may refer any
disputes concerning it to the decision of arbitrators, who may order
the same acts to be done which the parties themselves might do by
agreement." ( *Cox* v. *Jagger*, 2 Cowen, 649 ; see, also, Kyd on
Awards, 61.) The statute of this State does not change the law
in this respect.

Judgment affirmed.