# LAKE MERCED WATER COMPANY *v.* SAMUEL COWLES, COUNTY JUDGE OF THE CITY AND COUNTY OF SAN FRANCISCO.

TITLE ACQUIRED BY CONDEMNATION OF LAND.—The condemnation of lands is but a purchase of them *in invitum,* and the title acquired is but a quitclaim.

APPOINTMENT OF COMMISSIONERS TO APPRAISE LAND.—If two corporations each commence proceedings against the same person, in the same Court, for the condemnation of the same land, the Court cannot, of its own motion, in one of the actions take judicial notice of the pendency of the other, and refuse to appoint Commissioners to appraise the land, because it cannot determine which of the companies has the better right to condemn.

DUTY OF COURT AS TO APPOINTMENT OF COMMISSIONERS TO APPRAISE LAND.—When the proceedings for the condemnation of land are regular, it is the duty of the Court to appoint Commissioners to appraise the same, regardless of the question as to whether the purchaser will acquire a good title.

WRIT OF MANDATE. — If a County Judge refuses to appoint Commissioners to appraise land in a proceeding to condemn the same, a writ of mandate will be issued compelling him to do so.

TWO CONDEMNATIONS OF SAME LAND.—If two corporations each start proceedings against the same person for the condemnation of the same land, and neither becomes a party to the action brought by the other, the land will belong to the one over whose proceedings the Court first acquired jurisdiction.

THIS action was commenced in the Supreme Court.

The facts are stated in the opinion of the Court.

*Patterson & Carpentier,* for Relator, argued that the petitioner, having complied with the requirements of the law, and given due notice, it was the duty of the County Judge to make the appointment of Commissioners, and that he had no discretion in the matter; and cited Pr. Act, Sec. 467; *Ex parte Spring Valley Water Works,* 17 Cal. 132; *Dyckman* v. *The Mayor,* 1 Seld. 433.

*Haight & Pierson,* for Respondent, argued that the Clear Lake Water Company had first claimed the water and acquired a priority, and that two companies could not both be entitled to condemn the same land at the same time, but the right was in the one first appropriating, and that the only way of determining which had the right to condemn was to ascertain which first appropriated in good faith, or performed acts

indicative of appropriation of the water; and cited *Contra Costa Railroad Co.* v. *Moss*, 23 Cal. 328; *Morris and Essex Railroad Co.* v. *Blair*, 1 Stockton's N. J. Ch. R. 635.

By the Court, SHAFTER, J.:

This is a petition for a mandamus to the County Judge of the City and County of San Francisco, commanding him to appoint Commissioners in a proceeding pending before him for the condemnation of certain lands and waters to the uses of the petitioner herein.

It appears that the application for the appointment of Commissioners came on to be heard on proper papers on the day named in the notices, and that the allegations of the petition were proved by affidavits, to the sufficiency of which no exception was taken, and that no counter evidence was offered by the defendants. Thereupon the petitioner moved the Judge to proceed and appoint Commissioners; but the Judge, after sundry adjournments, refused to take any action in the matter, on the ground that there was another petition pending before him for the condemnation of the same lands and waters, at the suit of the " Clear Lake Water Company ;" and that he could not determine to his own satisfaction which of the two companies had the better right to condemn.

The pendency of the Clear Lake petition seems to have become known to the County Judge incidentally. No allusion was made to it in the petition filed by the Lake Merced Company, nor was its pendency proved at the hearing; and we apprehend that the Court could not under any circumstances take judicial notice of the fact, except it were for mere calendar purposes. Further: The Clear Lake Water Company, whose comparative right became the subject of judicial doubt, was not a 'party to the Lake Merced petition, either originally or by intervention; and therefore any' decision which the Judge might have made upon the subject would not have been binding upon either of the companies. Two suits for the same cause of action may be pending in the same Court

between the same parties, but the fact never claims judicial attention until the pendency of the one suit has been pleaded in abatement of the other. Or there may be two actions pending in the same Court at the same time at the suit of different plaintiffs and against a common defendant—as for instance, two actions of ejectment, or two bills in equity to compel a common defendant to specifically perform each of two contracts to convey, made by him with the respective plaintiffs, both contracts calling for the same land; but it would be contrary to established order should the Court in such case refuse to proceed with either suit until it had forced and determined an issue between the plaintiffs in the respective proceedings, as to which had the better right to the land, *inter sese*. The condemnation of lands is but a purchase of them *in invitum*, and the title acquired is but a quitclaim. If a corporation starts proceedings under the statute, to get a title of that quality, after like proceedings for acquiring a like title have been commenced by another company, and there should be a condemnation and payment in both proceedings, both corporations would have good title as against the original owner or owners; but as between the companies, the lands would belong to the one over whose proceedings the Court first acquired jurisdiction—a question to be litigated between the companies. It may be that either company might make the other a party defendant in its suit to condemn; or, failing that, that either of the companies might intervene in the proceedings of the other, (*Contra Costa Railroad Co.* v. *Moss*, 23 Cal. 323,) so that the question of priority might be determined in advance of a purchase by either; but should the junior applicant, knowing all the facts, or having the means of knowing them, push its suit to a quitclaim, and voluntarily pay the purchase money, the responsibility would not be with the law.

Let a mandamus issue according to the prayer of the petition.