[Civ. No. 17040.   Second Dist., Div. Two.   June 16, 1949.]

POPCORN EQUIPMENT CO. (a Corporation), Respondent,
v. CHARLES E. PAGE et al., Appellants.

Woodward & Weissman for Appellants.

Sampson & Dryden and Jacob Swartz for Respondent.

WILSON, J.—Appeal from judgment confirming arbitration award.

Under contracts entered into in December, 1945, and February, 1946, appellants granted to respondent an exclusive license throughout the world excepting Canada to manufacture and sell popcorn machinery and equipment. Disagreements arose between the parties concerning the interpretation of the contracts and respondent asserted that appellants had

violated the agreements by making sales of licensed items without respondent's knowledge. By a contract entered into in January, 1947, the parties agreed that if they could not arrive at an adjustment of their differences they would submit to arbitration the amount which appellants should pay respondent for the asserted violations. They were unable to agree, and respondent filed a demand for arbitration in accord with the agreement, specifying 18 separate sales of popcorn machinery and equipment in violation of the original agreements as matters to be submitted to the arbitrators. Such items were separately set forth specifying dates of sales, names of the persons to whom sales were made, and the price received for each sale, totaling more than $50,000. After hearing the evidence of both parties the arbitrators made an award directing that appellants pay to respondent the sum of $18,018.66. Respondent filed a petition in the superior court for confirmation of the award and appellants filed a motion to vacate it. The court denied the motion to vacate, granted the motion to confirm, and entered judgment in favor of respondent and against appellants for the amount of the award. From the judgment comes this appeal.

It must be noted at the outset that it is apparent from statements in their brief that appellants did not enter into the arbitration proceedings in good faith or with the intention of being bound by the decision of the arbitrators. Despite the fact that they voluntarily entered into the agreement which formed the basis of arbitration and submitted their evidence without objection to the jurisdiction of the arbitrators they now, having failed of success before both the arbitrators and the court, assert that they agreed to the arbitration but did not anticipate that the award would be enforced, stating in their brief: "Appellants agreed to arbitration hoping for a moral vindication thereunder, recognizing the moral force of an adverse decision, but that does not mean that Appellants agreed to or contemplated the enforcement of any such decision against them through the transmutation of such decision into a judgment of the Superior Court." Such trifling with the orderly processes provided by law does not commend itself to the court, nevertheless we shall proceed to a consideration of the questions raised by the appeal.

Appellants contend that the award of the arbitrators was indefinite and uncertain in that it cannot be ascertained whether the arbitrators passed upon all 18 items submitted for arbitration.

■ Every reasonable intendment will be indulged to give effect to arbitration proceedings. An award made upon an unqualified submission will not be set aside on the ground that it is contrary to law unless the error appears on the face of the award and causes substantial injustice. (*Utah Const. Co. v. Western Pac. Ry. Co.*, 174 Cal. 156, 159-60 [162 P. 631].)

■ To justify the setting aside of the award on account of error it must be shown that the rights of one of the parties is prejudiced by the award. (*Pacific Vegetable Oil Corp.* v. *C. S. T., Ltd.*, 29 Cal.2d 228, 240 [174 P.2d 441].) ■ The burden is on the party objecting to the award to show affirmatively that error was committed by the arbitrators. (*Blair* v. *Wallace*, 21 Cal. 317, 321; *United Farmers Assn.* v. *Klein*, 41 Cal.App.2d 766, 769 [107 P.2d 631]; *Carsley* v. *Lindsay*, 14 Cal. 390, 394.)

■ The award of the arbitrators is sufficient if it is clear and precise and gives the result of the accounts between the parties without detailing the process by which the result was reached. (*Carsley* v. *Lindsay, supra.*) ■ It will be presumed that all matters in dispute between the parties were intended to be decided and every reasonable presumption favors the award. (*Dugan* v. *Phillips*, 77 Cal.App. 268, 278 [246 P. 566].)

■ Appellants rely on *Muldrow* v. *Norris*, 12 Cal. 331. In that case three separate and unrelated matters were submitted to the arbitrators. One of the items was a claim for damages growing out of a breach of a lease. The judgment confirming the award was reversed because of a gross error of the arbitrators in estimating the amount of damages which appeared on the face of the award. In the instant case the items submitted to the arbitrators were not unrelated but all grew out of the contracts between the parties and all were for damages claimed by respondent on account of sales alleged to have been made by appellants in violation of the agreements. Therefore the Muldrow case is not in point. The award was not uncertain or indefinite but was for a specified amount which the arbitrators found to be owing by appellants by reason of the unauthorized sales. The award gave the results of the accounts between the parties and it was not necessary to set out the several amounts in detail. (*Carsley* v. *Lindsay, supra.*) Since appellants did not show in the court below that the arbitrators had failed to determine all the matters submitted to them or that the award was defective, the court could not do otherwise than confirm the award and this court

cannot do otherwise than affirm the judgment. (*Bank of Coronado* v. *Shreve*, 51 Cal.App. 353, 356 [196 P. 787].)

■ The arbitrators were not required to find facts nor to give reasons for their award (*In re Connor*, 128 Cal. 279, 282 [60 P. 862]; *Dugan* v. *Phillips, supra*) nor to describe how they arrived at their decision.

■ Another objection raised concerning the award and advanced as a reason for the reversal of the judgment is that a previous action in the superior court included within its scope and pleadings all matters sought by respondent to be submitted to arbitration and that the dismissal of the action as provided in the agreement of January, 1947, operated as a retraxit barring respondent from further asserting such claims. The record on appeal does not show (1) that the pleadings and files in such action were offered in evidence before the arbitrators, (2) that such pleadings and files were before the trial court upon the hearing of the respective motions to confirm and to vacate the award, or (3) that such pleadings and files covered the matters that were submitted to arbitration.

It appears from the briefs that counsel for appellants agreed at the hearing before the arbitrators that the matter to be determined by them was whether or not sales had been made in violation of the agreement between the parties and if so how much was due and owing on account thereof. Appellants' counsel stated that the former superior court action had been dismissed and objected to any discussion of that action, stating that it was not a question to be determined "even whether a lawsuit was filed."

The record on appeal does not show that the files in the former action in the superior court were offered in evidence upon the hearing of the respective motions (1) to confirm, and (2) to vacate the award. The arbitrators could not, nor could the court, pass upon the question whether the dismissal of the former action operated as a bar to the consideration of the matter submitted to the arbitrators unless such files were offered in evidence, since a court will not take judicial notice of its own records in cases other than those in the case on trial. (*Wolfsen* v. *Hathaway*, 32 Cal.2d 632, 638 [198 P.2d 1]; *Johnston* v. *Ota*, 43 Cal.App.2d 94, 96-7 [110 P.2d 507]; *Ralphs* v. *Hensler*, 97 Cal. 296, 304 [32 P. 243]; *Sewell* v. *Price*, 164 Cal. 265, 273 [128 P. 407]; *Olds* v. *Peebler*, 66 Cal. App.2d 76, 82, 84 [151 P.2d 901]; *Willson* v. *Security-First National Bank*, 21 Cal.2d 705, 711 [134 P.2d 800]; *Bank of*

*America etc. Assn.* v. *Button,* 23 Cal.App.2d 651, 653 [74 P.2d 81] ; *Estate of Fulton,* 8 Cal.App.2d 423, 425 [48 P.2d 120] ; *Stanley* v. *McElrath,* 86 Cal. 449, 457-8 [25 P. 16, 26 P. 800, 10 L.R.A. 545] ; *Plum* v. *Indian Valley Bank,* 118 Cal.App. 13, 17 [4 P.2d 543] ; *People* v. *de la Guerra,* 24 Cal. 73, 78 ; *Stanley* v. *McElrath,* 3 Cal.Unrep. 163, 165 [22 P. 673] ; *Lake Merced Water Co.* v. *Cowles,* 31 Cal. 215.) ▉ Even where the proceedings in another action in the same court are pleaded as res judicata but not offered in evidence the court will not take judicial notice thereof. (*Johnston* v. *Ota, supra; Olds* v. *Peebler, supra.*) Findings based on records in a former case but not introduced in evidence cannot be sustained. (*Ralphs* v. *Hensler, supra.*) Although the statute provides that courts will take judicial notice of the acts of legislative, executive and judicial departments of the state (Code Civ. Proc., § 1875, subd. 3) and although the Railroad Commission and the Industrial Accident Commission act judicially and their judgments are res judicata in all subsequent proceedings between the same parties upon the same subject matter (*Goodman Bros., Inc.* v. *Superior Court,* 51 Cal.App.2d 297, 301 [124 P.2d 644]) nevertheless judicial notice is not taken of decisions of the Railroad Commission (*Mound Water Co.* v. *Southern Calif. Edison Co.,* 184 Cal. 602, 610-11 [194 P. 1014]) or of findings and award of the Industrial Accident Commission. (*Liberty Mut. Ins. Co.* v. *Superior Court,* 62 Cal.App.2d 601, 610 [145 P.2d 344].)

▉ Only in exceptional cases will the court depart from the general rule, for example in order to avoid a resulting unreasonable hardship. Under certain circumstances the Supreme Court will take judicial notice of the records of that court, although not pleaded in the trial court, when brought to the court's attention in some appropriate manner. An examination of the opinions in which it is said that judicial notice will be taken of prior decisions or proceedings discloses that they were placed before the court by citation in the briefs (*Hammell* v. *Britton,* 19 Cal.2d 72, 75 [119 P.2d 333]) or in the argument. (*Sewell* v. *Johnson,* 165 Cal. 762, 772 [134 P. 704, Ann.Cas. 1915B 645].) In *Calhoun* v. *Calhoun,* 81 Cal. App.2d 297, 302 [183 P.2d 922], the settled statement on appeal shows that the previous case, with the result of the appeal, was relied on in the trial court and cited to the appellate court, and in *Southern Pacific R. R. Co.* v. *Painter,* 113 Cal. 247 [45 P. 320], where the court said it was bound to

take judicial notice of the decisions of the Supreme Court of the United States, the opinions of the latter court were cited in the briefs and by stipulation in the trial court the lands there involved were shown to be of the same character as those described in the opinions of the Supreme Court.

There is a vast difference between judicial notice and judicial knowledge. The party on whom rests the burden of establishing a fact of which the court may take judicial notice is not relieved of the necessity of bringing the fact to the knowledge of the court. (*Shapleigh* v. *Mier,* 299 U.S. 468, 475 [57 S.Ct. 261, 81 L.Ed. 355, 359].) The court will not take judicial notice of proceedings in a prior action, although the same are pleaded as a bar, unless such proceedings are presented to the court. (*Bank of America etc. Assn.* v. *Button, supra; Plum* v. *Indian Valley Bank, supra.*) Findings based on records of a prior action, not introduced in evidence, cannot be sustained. (*Ralphs* v. *Hensler,* 97 Cal. 296, 304 [32 P. 243].)

Unless it be made to appear that the failure of the arbitrators to pass upon all matters submitted to them or that any error committed by them was prejudicial to the objecting party, the award will not be vacated. The burden is on the objector to expose error. Appellants have not shown (1) that the arbitrators did not pass upon each and every item submitted by the agreement of arbitration, (2) that the report of the arbitrators is incorrect in any particular, (3) that the prior action in the superior court related to the items submitted to arbitration, (4) that the dismissal of the action operated as a settlement as to such items and a bar to further proceedings thereon. They have not shown that they are in anywise prejudiced by the award or by the judgment thereon.

Judgment affirmed.

Moore, P. J., concurred.

McComb, J., concurred in the judgment.