[Civ. No. 56469. Second Dist., Div. Three. Mar. 27, 1980.]

LONNY COTHRON, Plaintiff and Appellant, v. INTERINSURANCE EXCHANGE OF THE AUTOMOBILE CLUB OF SOUTHERN CALIFORNIA, Defendant and Respondent.

854

## COUNSEL

John N. Siciliano for Plaintiff and Appellant.

Paul A. Eisler and Michael A. Kaufman as Amici Curiae on behalf of Plaintiff and Appellant.

Gilbert, Kelly, Crowley & Jennett and Patrick A. Mesisca, Jr., for Defendant and Respondent.

## OPINION

GALE, J.*—Appellant, Lonny Cothron, was a claimant in arbitration No. 72 20 1905 77 instituted against respondent, Interinsurance Exchange of the Automobile Club of Southern California. The arbitration was predicated upon the uninsured motorist provisions of policy No. N 847183, issued by respondent to appellant as the insured, and was held before John D. Holland, Esq., as arbitrator. The arbitrator made his award and appellant filed his petition in the superior court to vacate the award. Appellant appeals from a "judgment" against him and in favor

---

*Assigned by the Chairperson of the Judicial Council.

of respondent which provides: "The Petition to Vacate the Arbitrator's Award is hereby denied and the Arbitrator's Award shall remain in full force and effect."

### FACTS

Appellant was injured in an automobile accident on May 2, 1976. The other vehicle involved in the collision was driven by an uninsured motorist. On November 2, 1977, appellant filed a claim in arbitration with the American Arbitration Association claiming under the uninsured motorist provisions of the policy. Prior to hearing in the arbitration, appellant as claimant in the arbitration filed a trial brief in which he asserted: "The damages to be awarded by the arbitrator should reflect the total damage that the insured would be entitled to from the uninsured motorist." The matter proceeded to hearing, the parties entered into stipulations of fact, evidence was introduced and the matter was submitted to the arbitrator for his decision. The arbitrator made his decision, awarding the policy limit of $15,000 to appellant less the sum of $2,000 medical expenses previously paid to appellant by respondent, leaving a net award of $13,000. After making his decision, the arbitrator filed an affidavit setting forth his reasoning. The affidavit provided: "[Y]our affiant,...after reviewing all expert and lay testimony, arrived at the conclusion that the total damages suffered by claimant, LONNY COTHRON, far exceeded the policy limits of $15,000;..."

Appellant filed a petition to vacate the arbitration award. In doing so, appellant set forth that the reasons the petition was filed were that the arbitrator did not decide: "(1) The total amount of damages petitioner and claimant, LONNY COTHRON, was legally entitled to, and (2) The correct amount of coverage under Policy No. N 847183."

The court denied the petition to vacate the arbitration award. The court concluded that the finding by the arbitrator "that the claimant and insured would be entitled to recover from the uninsured motorist an amount far in excess of the uninsured motorist single policy limit of fifteen thousand dollars ($15,000) constitutes substantial compliance with the duty imposed by California Insurance Code section 11580.2(f)...." The court further found that the sum of $2,000 deducted by the arbitrator from the initial $15,000 award, reducing the award to $13,000, was deducted pursuant to stipulation of the parties, that irrespective of

said stipulation respondent paid to appellant the total sum of $15,000 instead of the net arbitrator's award of $13,000, and that the said sum of $15,000 was in addition to the $2,000 medical coverage which was paid on behalf of appellant, making a total payment by respondent of $17,000.

An amicus curiae brief was submitted on behalf of appellant by the law offices of Paul A. Eisler, Esq.

## CONTENTIONS

Appellant contends that the word "damages" as used in Insurance Code section 11580.2, subdivision (f), requires that the arbitrator find the entire damages which the insured would be entitled to recover from the owner or operator of the uninsured motor vehicle without regard to the loss payable provision of the insurance policy.

Appellant further contends that the arbitrator should not have deducted the $2,000 medical expense paid from the award of $15,000, thereby leaving a net award of $13,000.

## DISCUSSION

### Summary

Under the facts of the present case, the arbitrator's determination that the total damage of appellant far exceeded the limits of $15,000 was sufficient, as it disposed of all the issues and completely determined the controversy. The arbitrator was not required to find the entire damages which the insured was entitled to recover from the owner or operator of the uninsured motor vehicle. The award of the arbitrator providing for the deduction of the $2,000 medical charges from the policy limits was proper in that it was made pursuant to the stipulation of the parties. However, the deduction was not in fact made. Appellant received and retained the total sums payable under the policy and was not in any way prejudiced by the award.

1. ▆▆ *Under the Facts of the Present Case the Arbitrator Was Not Required to Make a Determination of Appellant's Total Damage.*

The submission agreement, if any, is not contained in either the record on appeal or the file and apparently was not before the lower court. The petition to set aside the award contained a copy of the insurance agreement in question which set forth the provision for arbitration of the uninsured motorist claim. "Arbitration is, of course, a matter of contract, and the parties may freely delineate the area of its application." (*O'Malley* v. *Wilshire Oil Co.* (1963) 59 Cal.2d 482, 490 [30 Cal.Rptr. 452, 381 P.2d 188].) In the present matter, Insurance Code section 11580.2, subdivision (f), requires the contract to provide for certain matters; the statute therefore becomes a part of the contract, "imposing an arbitration agreement at least as broad as the statutory specifications." (*Freeman* v. *State Farm Mut. Auto. Ins. Co.* (1975) 14 Cal.3d 473, 479 [121 Cal.Rptr. 477, 535 P.2d 341].) The arbitration provisions of the insurance contract provided that in the event of "disagreement as to whether he or they are legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount of damages which may be owing under this Part," the matter would be settled in arbitration under the rules of the American Arbitration Association. The contract does not contain the complete required terms of Insurance Code section 11580.2, subdivision (f), in that under section 11580.2, subdivision (f), the damages referred to relates to those which would be owed by the uninsured motorist to the insured (*Freeman* v. *State Farm Mut. Auto. Ins. Co., supra*, at p. 480), whereas the damages referred to in the insurance contract refer to those recoverable, by the insured, under the uninsured motorist provisions of the contract. Irrespective of the wording of the arbitration provisions of the insurance contract such provisions must be interpreted as broad as the requirements of Insurance Code section 11580.2, subdivision (f).

The arbitration involved in the present litigation contemplates the provisions of Insurance Code section 11580.2, subdivision (f),[1] which provides for arbitration "as to whether the insured shall be legally entitled to recover damages, and if so entitled, the amount thereof...." Appellant cites *Freeman* v. *State Farm Mut. Auto. Ins. Co.* (1975) 14 Cal.3d 473, 480 [121 Cal.Rptr. 477, 535 P.2d 341], *Commercial Ins. Co.* v. *Copeland* (1967) 248 Cal.App.2d 561, 564 [56 Cal.Rptr. 794],

---

[1]Insurance Code section 11580.2, subdivision (f), provides in part: "The policy or an endorsement added thereto shall provide that the determination as to whether the insured shall be legally entitled to recover damages, and if so entitled, the amount thereof, shall be made by agreement between the insured and insurer or, in the event of disagreement, by arbitration."

and cases with similar holdings for the proposition that the "damages" referred to by subdivision (f) of Insurance Code section 11580.2 relate to the liability of the uninsured motorist to the insured and not to the amount which the insurance company must pay the insured under the uninsured motorist coverage. Relying upon such holdings, appellant contends that the arbitrator should have found the total damages that the uninsured motorist owed to the insured and that by reason of his failure to do so the court should have granted appellant's petition and vacated the arbitration award. The arbitrator's award complained of provides: "RESPONDENT shall pay to LONNY COTHRON the sum of FIFTEEN THOUSAND DOLLARS ($15,000.00) as general and special damages, less the sum of $2,000.00 medical expenses previously paid by RESPONDENT, leaving a NET AWARD OF THIRTEEN THOUSAND DOLLARS ($13,000.00)." The lower court found that the arbitrator's award to appellant was the uninsured motorist single policy limit of $15,000; that appellant stipulated that the $2,000 which constituted the limit of the medical payment insurance coverage under the automobile insurance policy would be deducted from the arbitrator's award; that respondent paid to appellant the uninsured policy limit of $15,000, even though the arbitrator's net award was $13,000, with the total payment made by respondent to appellant, including the uninsured motorist and medical payment coverages of the insurance policy, being the applicable full policy limits of $17,000. None of these findings is appealed from or challenged in any manner.

We find that the arbitrator's determination that the damages suffered by appellant "far exceeded the limits of the $15,000" was sufficient to determine all of the questions submitted to the arbitrator.

In reviewing the cases it is apparent that when courts have dealt with the subject in a general manner they have frequently set forth that the failure to find on all of the issues submitted to arbitration is a statutory ground for vacating an award. (*Jones* v. *Kvistad* (1971) 19 Cal.App.3d 836, 841 [97 Cal.Rptr. 100]; *Ulene* v. *Murray Millman of California* (1959) 175 Cal.App.2d 655, 661 [346 P.2d 494].) Such failure to find does not refer to a factual finding accompanying the award; it refers to the determination of each issue that is necessary for the ultimate decision of the arbitrator. The source of such statutory ground for vacating an award is derived from Code of Civil Procedure section 1283.4. In *Banks* v. *Milwaukee Ins. Co.* (1966) 247 Cal.App.2d 34, 38 [55 Cal.

Rptr. 139, 36 A.L.R.3d 933], the court stated: "It is provided in section 1283.4 that: 'The award shall be in writing and signed by the arbitrators concurring therein. It shall include a determination of all the questions submitted to the arbitrators the decision of which is necessary in order to determine the controversy.' Failure to find on all issues submitted is, thus, a statutory ground for vacating an award." Failure to determine an issue that was submitted would not be error unless such a determination "is necessary in order to determine the controversy." In considering the portion of Code of Civil Procedure section 1283.4 which provides: "all the questions submitted to the arbitrators the decision of which is necessary in order to determine the controversy," the court in *Morris* v. *Zuckerman* (1968) 69 Cal.2d 686, 690 [72 Cal.Rptr. 880, 446 P.2d 1000], stated: "It is for the arbitrators to determine which issues were actually 'necessary' to the ultimate decision. (See *Grunwald-Marx, Inc.* v. *Los Angeles Joint Board*, 52 Cal.2d 568, 589-590 [343 P.2d 23].) Likewise, any doubts as to the meaning or extent of an arbitration agreement are for the arbitrators and not the court to resolve." Every intendment will be indulged to give effect to arbitration proceedings. (*Jones* v. *Kvistad, supra*, 19 Cal.App.3d at p. 840; *Riley* v. *Pig'n Whistle Candy Co.* (1952) 109 Cal.App.2d 650, 651 [241 P.2d 294].)

■ An award is valid if it settles the entire controversy and there is no general rule that an arbitrator must either find facts (*Sapp* v. *Barenfeld* (1949) 34 Cal.2d 515, 522-523 [212 P.2d 233]; *National Union Fire Ins. Co.* v. *Superior Court* (1967) 252 Cal.App.2d 568, 571 [60 Cal.Rptr. 535]), detail the process by which the result was reached (*Popcorn Equipment Co.* v. *Page* (1949) 92 Cal.App.2d 448, 451 [207 P.2d 647]) or give the reasons behind the award. (*Case* v. *Alperson* (1960) 181 Cal.App.2d 757, 761 [5 Cal.Rptr. 635].) It is not the finding on issues that is required; it is the determination thereof when "necessary in order to determine the controversy."

■ An arbitrator in an uninsured motorist proceeding may not award an amount in excess of the policy limits. (*Campbell* v. *Farmers Ins. Exch.* (1968) 260 Cal.App.2d 105 [67 Cal.Rptr. 175].) The arbitrator awarded the entire policy limit. In doing so, he determined the entire controversy. Nothing remained for the arbitrator to determine. Further, appellant fails to show any prejudice arising from the award. Absent a showing of prejudice, even if error had been committed, the

lower court was required to affirm the award. (*Pacific Vegetable Oil Corp. v. C. S. T., Ltd.* (1946) 29 Cal.2d 228, 240 [174 P.2d 441]; *Popcorn Equipment Co. v. Page, supra*, 92 Cal.App.2d at p. 451.)

The cases of *Freeman v. State Farm Mut. Auto. Ins. Co., supra*, 14 Cal.3d 473, and *Commercial Ins. Co. v. Copeland, supra*, 248 Cal. App.2d 561, cited by appellant, do not provide support for appellant's contentions. The cases involved the limitation of the scope of an arbitrator's authority and do not purport to require a determination beyond the relief granted in the within matter. Arbitration in respect to Insurance Code section 11580.2, subdivision (f), has received repeated recognition as a means of providing a prompt inexpensive and final resolution of the controversy. (*Orpustan v. State Farm Mut. Auto. Ins. Co.* (1972) 7 Cal.3d 988, 992 [103 Cal.Rptr. 919, 500 P.2d 1119]; *Felner v. Meritplan Ins. Co.* (1970) 6 Cal.App.3d 540, 546 [86 Cal. Rptr. 178].)

Appellant's desired interpretation of Insurance Code section 11580.2, subdivision (f), in relation to the requirements for arbitrations under its provision would protract otherwise simple litigation and thereby burden and frustrate the ultimate legislative goal which was to provide compensation through a simplified means of recovery. ■ ■■■ Under the facts of this case, no legitimate purpose, legislative or otherwise, would be served by requiring the arbitrator to make a finding as to the specific total amount of damages suffered by appellant.[2]

We do not reach the point of whether or not factual situations may arise where the arbitrator may be required to determine the actual total damages which would be owed from the uninsured motorist to the insured. The total amount of a claimant's damage appears to be relevant to the extent the determination thereof is necessary to arrive at an award up to and including the policy limit and it may further become relevant by reason of Insurance Code section 11580.2, subdivision

---

[2]In a confirmation proceeding the resulting judgment only confirms the award and collateral estoppel applies only to the issues determined in the proceeding. (*Murphy v. Allstate Ins. Co.* (1978) 83 Cal.App.3d 38, 53 [147 Cal.Rptr. 565]; *Corral v. State Farm Mutual Auto. Ins. Co.* (1979) 92 Cal.App.3d 1004, 1011 [155 Cal.Rptr. 342]; *Pancoast v. Russell* (1957) 148 Cal.App.2d 909, 914 [307 P.2d 719].)

(e).[3] However, the fact that such damages may become relevant does not necessarily mean in itself that they must be found separately.

2. ▉ *The Arbitrator's Reduction of the Award by the Sum of $2,000 Did Not Require the Award to Be Vacated.*

Appellant stipulated to a reduction of the arbitrator's award in the sum of $2,000. This sum constituted the medical payment coverage of the policy and the lower court found he so stipulated. Appellant never attempted to be relieved of the stipulation. In ordering the reduction, the arbitrator acted in accordance with the direction of the parties and appellant should not be heard to complain. ▉ Even if the award as made was contrary to the law, an arbitrator can make a binding award which the courts are required to enforce even though the award conflicts with substantive law. (*State Farm Mut. Auto. Ins. Co.* v. *Guleserian* (1972) 28 Cal.App.3d 397 [104 Cal.Rptr. 683].)

▉ Further, the court found that respondent paid to appellant the entire policy limit of $15,000 without deduction of the $2,000 and that appellant, having previously received the sum of $2,000 for medical care, received the total sum of $17,000 from respondent, thereby receiving all the benefits payable under the policy. The court thereafter concluded that appellant having received the full benefits under the policy has not in any way been prejudiced by the arbitrator's award offsetting the medical payment. Appellant has not appealed from either the finding or the conclusion and does not in any way challenge them. Appellant has not established any prejudice resulting from the arbitration and absent such a showing the award should not be set aside. (*Pacific Vegetable Oil Corp.* v. *C. S. T., Ltd., supra,* 29 Cal.2d at p. 240; *Popcorn Equipment Co.* v. *Page, supra,* 92 Cal.App.2d at p. 451.) Full payment under the policy having been received and retained, any issue as to a deduction which has been fully compensated becomes moot.

We do not reach the point urged in respect to the proper manner, if any, of deducting medical payments after the 1971 amendment of In-

___

[3]Insurance Code section 11580.2, subdivision (e), provides: "The policy or endorsement added thereto may provide that if the insured has valid and collectible automobile medical payment insurance available to him, the damages which he shall be entitled to recover from the owner or operator of an uninsured motor vehicle shall be reduced for purposes of uninsured motorist coverage by the amounts paid or due to be paid under such automobile medical payment insurance. This subdivision shall become operative on January 1, 1971."

surance Code section 11580.2. A determination in respect to that point is not necessary for the present decision and is best left for such time when it is squarely before the court and all parties have had an opportunity to brief the point.[4]

The judgment is affirmed.

Klein, P. J., and Potter, J., concurred.

---

[4]As it existed prior to January 1971, Insurance Code section 11580.2, subdivision (g)(2) declared the amount payable under the medical coverage to be deductible from the "loss payable" under the terms of the uninsured motorist coverage. (*Fisher* v. *State Farm Mut. Auto. Ins. Co.* (1966) 243 Cal.App.2d 749, 751 [52 Cal.Rptr. 721].) The "loss" referred to was not synonymous with the liability of the third party to the insured; it referred to the coverage of the policy. (*Ibid.*) The section was amended under 11580.2, subdivision (e), and the applicable portion is set forth in footnote 2 of this decision.