[Civ. No. 6115.   Fourth Dist.   Aug. 28, 1959.]

THE RYAN AERONAUTICAL COMPANY (a Corporation), Appellant, v. THE INTERNATIONAL UNION, UNITED AUTOMOBILE, AIRCRAFT AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, LOCAL 506, Respondent.

B. Kenneth Goodman, Robert W. Knowlton and Jack G. Whitney for Appellant.

Walter Wencke and Nutter & Smith for Respondent.

SHEPARD, J.—July 6, 1956, appellant and respondent entered into a collective bargaining agreement wherein it was agreed, *inter alia,* that respondent is recognized as the sole bargaining agent for all employees of appellant with certain exceptions; that any grievance not satisfactorily settled by the parties will be submitted to arbitration and that the "decision of such arbitration shall be final and binding upon both parties" to said agreement; that there shall be no strike or "Lock-Out"; that the normal work week shall consist of 40 hours with the normal work day, eight hours; and that time and a half shall be paid on Saturday and double time on Sunday and certain holidays.

Sometime during the first week in December, 1957, appellant notified respondent that the appellant proposed to close its plant on Tuesday, December 24, 1957, and on Tuesday, December 31, 1957. Appellant made alternative offers to make up the time thus lost, including the offer that said lost time be made up on Saturday at straight time. Counter suggestions were made by respondent but the parties were unable

to reach an agreement. On December 11, 1957, appellant posted a notice that appellant's plant would be closed on the days above mentioned. On December 13, 1957, respondent filed a notice of grievance claiming violation of the agreement and ending with the words "We demand that each employee be compensated for all time lost for non-compliance with the provisions of the agreement." Later on the same day, appellant posted an "Information Bulletin" on the plant bulletin boards denying violation of the contract and in effect blaming respondent for the failure of the parties to come to an agreement. Likewise on the same day, respondent published to the employees represented by it a statement of its position. Respondent's grievance was heard and denied by appellant on December 18, 1957. On December 20, 1957, in the plant newspaper the appellant caused to be published an article which again stated appellant's position and blaming respondent for failing to accept one of the alternative proposals, particularly that of waiving premium time on Saturdays. On December 24th and 31st, 1957, appellant actually did close its plant and a large number of employees represented by respondent were denied work and pay for those days.

January 7, 1958, in a commendable effort to avoid the difficulties, disruption and loss to both parties and to the community that always attends a strike and in direct accord with the collective bargaining agreement, respondent union appealed the grievance to arbitration. On the same day appellant and respondent signed an agreement to submit the dispute to arbitration, using the following words:

"We mutually agree to appeal the above grievance to arbitration, including the loss of pay for all employees covered by the agreement for December 24, 1957, and December 31, 1957."

Three arbitrators were chosen. The matter was submitted to arbitration and the question was proposed to the arbitrators in the following words: "Was there a violation of the contract, and, if so, what is the remedy?" Evidence was heard from both sides by the arbitrators and on April 24, 1958, the arbitrators rendered their award ordering that:

"F. The Company (appellant herein) shall compensate all employees for the straight time lost by them when the Company wrongfully shut down the plant on Tuesday, December 24, 1957, and Tuesday, December 31, 1957.

"G. The Company shall post this Award on all plant bulletin boards for a period commencing with the issuance of this Award and ceasing at midnight, May 31, 1958 as an affirmance to its employees of its desire and intent to observe in good faith the provisions of the Agreement recognizing the Union as 'the sole and exclusive bargaining agency' of its employees in the bargaining unit as required by Articles I, II and III thereof."

May 16, 1958, appellant filed its petition in the superior court for an order vacating the award. In support of and in response to this petition each party sought to bring to the attention of the superior court many matters of evidentiary material as to why the award should be vacated or affirmed. The superior court on June 10, 1958, rendered its judgment confirming the award, and appellant has appealed from the judgment and from the order confirming arbitration award and denying motion to vacate award.

Appellant's first contention on appeal is that the arbitrators exceeded their powers and awarded on matters not submitted to them. In support of this contention appellant points to finding "D", which says: "The Company was not entitled in its bulletin and newspaper to attack the Union for its reliance upon the plain meaning of the Agreement in its provision for premium Saturday pay and to do so constituted a violation of the recognition provision of the Agreement, Article III."

This statement is not an award. It is nothing more than a preliminary finding. The award as such is contained in Paragraphs F and G hereinbefore quoted, which relate to restoring lost time pay and the posting of a statement of intent. The other findings (A, B, C and E) are in the same category as said Paragraph D.

We agree with the trial court in its opinion, as quoted in respondent's brief: ". . . the real question submitted for arbitration was whether or not the closing of the plant on the days in question constituted a 'Lock-Out' in violation of the existing contract. Whether or not the closing of the plant constituted a 'Lock-Out' was largely a matter of intent and motive, and it appears to the court that the arbitrators might properly consider any statements by management, written or oral, made before or after the filing of the Grievance, as bearing on intent and motive."

"Lock-Out" is defined by Webster's New Inter-

national Dictionary, second edition, as "To withhold employment from (a body of employees) as a means of bringing them to accept the employers' terms." This definition is in accord with that used in *Jeffery-DeWitt Insulator Co.* v. *National Labor Relations Board*, 91 F.2d 134, 137 [112 A.L.R. 948]; *Restful Slipper Co.* v. *United Shoe & Leather Union*, 116 N.J.Eq. 521 [174 A. 543, 545]; *Iron Molders' Union No. 125* v. *Allis-Chalmers Co.*, 166 F. 45, 52 [91 C.C.A. 631, 20 L.R.A. N.S. 315].

While the findings do not go into as great detail as might be desired, we think they are susceptible of no other reasonable interpretation. ■ Furthermore, "It is of course well settled that arbitrators do not exceed their powers merely because they assign an erroneous reason for their decision." (*O'Malley* v. *Petroleum Maintenance Co.*, 48 Cal.2d 107, 111 [4] [308 P.2d 9]. This same thought is expressed in *McKay* v. *Coca Cola Bottling Co.*, 110 Cal.App.2d 672, 677 [2b] [243 P.2d 35], where the court says: "That the arbitrators did not construe the contracts as we understand them, and employed faulty reasoning in arriving at their conclusion, is of no moment. The award was not in excess of their powers and was properly confirmed by the court."

■ As was said in *Popcorn Equipment Co.* v. *Page*, 92 Cal.App.2d 448, 451 [5] [207 P.2d 647]: "It will be presumed that all matters in dispute between the parties were intended to be decided and every reasonable presumption favors the award."

■ And in *Pacific Vegetable Oil Corp.* v. *C. S. T., Ltd.*, 29 Cal.2d 228, 232 [1] [174 P.2d 441]: "There is no general rule that arbitrators must find facts and give reasons for their awards. In fact, the rule and general practice is to the contrary."

■■ In *Griffith Co.* v. *San Diego College for Women*, 45 Cal.2d 501, 510 [14a] [289 P.2d 476, 47 A.L.R.2d 1349] the court says: "The merits of the controversy between the parties are not subject to judicial review," and quotes the following with approval from *Crofoot* v. *Blair Holdings Corp.*, 119 Cal. App.2d 156, 165 [260 P.2d 156]: " 'The opinion and award of the arbitrator are the sole guide to the evidentiary facts upon these appeals. The court is not called upon to review the evidence produced before the arbitrator, and such is not included in the record on appeal.' "

■ Complaint is made by appellant that the award purports on its face to extend beyond the scope of the arbitration agreement in that it awards straight time pay for time lost by "all employees," and construes this to include employees of appellant not represented by respondent. With this construction we cannot agree. The term "all employees" as thus used in the award was clearly intended to cover "all employees" whose lost time was a subject of the arbitration, and not all employees of appellant regardless of their being within the purview of the arbitration agreement. Employees covered by the award are those for whom respondent is the sole bargaining agent.

The inclusion in the award of the order to pay such employees for the time lost by reason of appellant's closing order was in accord with the clearly expressed intent of the parties in their agreement to submit the matter to arbitration, and was not beyond the scope of the arbitration agreement. In fact, had the award failed to pass on that question we think it would have been defective.

■ As was said in *Grunwald-Marx, Inc.* v. *Los Angeles Joint Board,* 52 Cal.2d 568, 589-590 [30] [343 P.2d 23] [Aug. 5, 1959] : "Moreover, even if the issue of damages had not been specifically submitted to the arbitrators, damages were properly included in the award . . . This inclusion is in accord with common sense. All the necessary facts are before the arbitrators. All the evidence necessary on the issue was introduced. . . . No useful purpose would be served in such a case by limiting the arbitrators to determining that there had been a breach of contract, and then relegating the parties to a new proceeding to fix damages."

A review of the numerous authorities cited on both sides of this matter does not develop any expressions contrary to the views herein expressed when read in the light of the facts of each such authority. As most of these authorities are adequately reviewed already in the authorities cited in this opinion, we deem it profitless to go through them again at length. Other points raised by appellant are fully covered by the views already herein expressed.

The judgment and orders appealed from are affirmed.

Griffin, P. J., and Mussell, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 20, 1959.