[Civ. No. 24115. Second Dist., Div. Three. June 15, 1960.]

CARROLL CASE, Respondent, v. LILLIAN R. ALPERSON et al., Defendants; EDWARD L. ALPERSON et al., Appellants.

Pacht, Ross, Warne & Bernhard, Stuart L. Kadison and Harvey M. Grossman for Appellants.

Daniel A. Weber and Paul Caruso for Respondent.

BISHOP, J. pro tem.*— Parties who stipulate in an agreement that controversies that may arise out of it shall be settled by arbitration, may expect not only to reap the advantages that flow from the use of that nontechnical, summary procedure, but also to find themselves bound by an award reached by paths neither marked nor traceable and not subject to judicial review. That is the situation in the case now before us, with the result that we can do naught but affirm the order of the trial court that confirmed the award and affirm the judgment that followed it, with a slight modification. It was from the order and judgment that the defendants National Pictures Corporation and Edward L. Alperson appealed, as well as from the nonappealable order denying them a new trial.

Under date of October 6, 1954, Carroll Case, National Pictures Corporation (hereinafter to be referred to as "National Corp."), Primero Productions, Inc. (hereinafter to be referred to as "Primero, Inc."), and Edward L. Alperson (hereinafter referred to as "Alperson, Sr."), entered into an agreement respecting the production and distribution of a motion picture and the method of financing the venture. Its nineteenth paragraph provided: "In the event of any dispute by and between any of the parties hereto, it is agreed by all parties hereto to submit same to arbitration in accordance with the rules and regulations of the American Arbitration Association, and the parties further agree that any award so made by such Association shall be final as between the litigants thereto, and may be submitted to the Superior Court for its approval by the prevailing party in such arbitration."

Disputes arose, resulting in the commencement of a civil action against Lillian R. Alperson and Edward L. Alperson, Jr., by Carroll Case, and then of another action, by the same plaintiff against National Corp., Primero, Inc., Alperson, Sr., and several others. These two actions were ordered consoli-

---

*Assigned by Chairman of Judicial Council.

dated, and in them an order was made, that the actions be stayed until the arbitration agreed upon in the October 6th agreement could be had. This order was made under section 1284, Code of Civil Procedure, upon the application of Lillian Alperson and Alperson, Jr., who, not being parties to the October 6th agreement, were not in default under it.

Soon thereafter Carroll Case filed his Demand for Arbitration with the American Arbitration Association, and Alperson, Sr., and National Corp., filed an answer and a counterclaim. Three arbitrators were appointed, held a hearing in Los Angeles County, and made and acknowledged their award.

The facts just narrated are to be found in exhibits attached to, and by reference incorporated in, the Declaration, made under penalty of perjury by one of Carroll Case's attorneys, that was filed in support of the latter's motion for an order confirming the arbitration award. They were not contradicted in the objections to the motion filed by National Corp. and Alperson, Sr., and are not questioned on this appeal.

The notice of motion for an order confirming the award, and the declaration supporting the motion, were captioned as proceedings in the civil actions. This, we conclude, was an error in pleading, for the code sections that authorized the motion for confirmation are found in title IX of part III of the Code of Civil Procedure, governing arbitration, not in the part of the code dealing with civil actions. This irregularity was evidently noticed by National Corp. and Alperson, Sr., for while using the caption that Carroll Case et al., had given the proceeding, they also identified their objections as "In the Matter of Motion of National Pictures Corporation and Edward L. Alperson to Vacate Arbitration Award . . . ." We, too, are using the caption of the civil actions rather than the one that should have been given, because we deem the irregularity a harmless one, at this point in the proceedings (see *Guardianship of Wells* (1903), 140 Cal. 349 [73 P. 1065]). It is much as though a child had been named after the wrong person as his father; the name remains useful as a means of identification of the child, whoever his father may be. The reason that we have called attention to the matter at all is because of the problem presented with respect to the judgment, still to be considered.

Section 1287, Code of Civil Procedure, declares that upon application to the court for an order confirming an arbitration award it must be granted, unless it is vacated, modified, or corrected, as may be done upon specified grounds, "upon

the application of any party to the arbitration.'' Four grounds are set forth in section 1288, Code of Civil Procedure, the existence of any one of which *requires* that the award be vacated. The ground of interest to us, because the only one relied upon by National Corp. and Alperson, Sr., in support of their motion to vacate the award, which accompanied their objections to its confirmation, is that set forth in subdivision (d) of the section. It provides that, upon application, the award must be vacated. ''(d) Where the arbitrators exceeded their powers, or so imperfectly executed them, that a mutual, final and definite award, upon the subject matter submitted, was not made.'' National Corp. and Alperson, Sr., contend that both elements of this ground exist in that (1) the award was beyond the scope of the submission, and (2) the award fails to dispose of the issues presented for arbitration.

Quite a body of case law has grown up since sections 1280-1293, Code of Civil Procedure, supplanted the common law respecting arbitration (see *Arbitration Law in California,* by Eddy S. Feldman, 30 So.Cal.L.Rev. 375 et seq.), and many principles are now so well established, that it suffices just to note them, citing in support of each just one of the many cases that could be given.

Neither the merits of the positions taken by the parties to an arbitration (*O'Malley* v. *Petroleum Maintenance Co.* (1957), 48 Cal.2d 107, 111-112 [308 P.2d 9, 12]), nor the sufficiency of the evidence to support an award, are matters of review by the court called upon to pass on the award. (*Crofoot* v. *Blair Holdings Corp.* (1953), 119 Cal.App.2d 156, 192 [260 P.2d 156, 171].) It is not incumbent on the arbitrators to make findings of fact, to give the reasons back of their award, nor to tell how it was reached. (*Ulene* v. *Murray Millman of California, Inc.* (1959), 175 Cal.App. 2d 655, 659 [346 P.2d 494, 500].) Arbitrators may base their decisions on broad principles of justice and equity and every intendment of validity must be given the award. (*Grunwald-Marx, Inc.* v. *Los Angeles Joint Board* (1959), 52 Cal.2d 568, 589 [343 P.2d 23, 35].) An award is not vulnerable on the ground that the reason by which it was reached was faulty. (Case just cited.) It is presumed ''that all matters within a submission to arbitration were laid before the arbitrators and passed upon by them'' (Code Civ. Proc., § 1963, subd. 18). An award is not to be vacated for any error that does not prejudice the rights of the party com-

plaining. (*Pacific Vegetable Oil Corp.* v. *C. S. T., Ltd.* (1946), 29 Cal.2d 228, 240 [174 P.2d 441, 449].)

With these principles in mind we turn to examine the award made in this case. Omitting the fourth paragraph that has to do with the administrative fees, the award reads:

"AMERICAN ARBITRATION ASSOCIATION, ADMINISTRATOR
"Commercial Arbitration Tribunal

"In the matter of the Arbitration between

CARROLL CASE

—and—

NATIONAL PICTURES CORPORATION
EDWARD L. ALPERSON
PRIMERO PRODUCTIONS, INC.

Award of Arbitrator(s)

"We, ~~(I)~~ THE UNDERSIGNED ARBITRATOR(s), having been designated in accordance with the Arbitration Agreement entered into by the above-named Parties, and dated October 6, 1954, and having been duly sworn and having duly heard the proofs and allegations of the Parties, AWARD, as follows:

"To Carroll Case against National Pictures Corporation and Edward L. Alperson the sum of ONE HUNDRED FIFTY FOUR THOUSAND FIVE HUNDRED SIX DOLLARS AND FIFTY EIGHT CENTS ($154,506.58).

"National Pictures Corporation and Edward L. Alperson shall further pay Carroll Case FIFTY PER CENT (50%) of all net profit realized after April 21, 1958, under the October 6, 1954 contract.

"The counterclaims of Edward L. Alperson and National Pictures Corporation against Carroll Case and Primero Productions, Inc., are denied in total. . . .

"The award is in full settlement of all claims filed by any one party against another, including Primero Productions, Inc. in this arbitration.

"(Signed) Henry J. Merdink
HENRY J. MERDINK

(Signed) Robert Lord
ROBERT LORD

(Signed) Otto K. Schuenke
OTTO K. SCHUENKE"

The second paragraph of the award was deleted by the trial court—a circumstance from which we are urged to

conclude that the arbitrators were confused, would not have made the rest of the award had that paragraph been omitted, and hence the order confirming it should be reversed. We feel no need to defend our conclusion that we could not yield to this argument without flaunting several of the well settled principles. Certainly National Corp. and Alperson, Sr., can not, and indeed do not, find fault with the deletion itself; they just hope that the mood of change will be catching. But we remain immune.

█ Nor can we see how it can be seriously contended by National Corp. and Alperson, Sr., that the arbitrators did not dispose of all the issues presented by them for arbitration. Presumably it did, or subdivision 18 of section 1963 does not mean what it says. The award specifically denies all of the counterclaims, and the arbitrators declare that the award was made in full settlement of all claims. It is true that the several counterclaims were not dealt with one by one, but no rule requires such treatment. If any of the claims put forward by Carroll Case were not covered by the award, it would seem to be an error of which the appellants are in no position to complain. Moreover, we are again met with the presumption and the positive declaration of the award, and see no reason to doubt, that the Case claims were all weighed, and the award was meant to be the most satisfactory solution of the entire controversy existing between the parties.

█ There remains for consideration the contention of National Corp. and Alperson, Sr., that the award of $154,506.58 was beyond the scope of the matters that Carroll Case submitted for arbitration. Omitting formalities, the Case Demand read: ''1. The undersigned claims (a) that he is subrogated to all of the collateral of whatsoever character delivered or inuring to or held by the Chemical Corn Exchange Bank (hereinafter referred to as the ''bank''), in connection with a bank loan made to National Pictures Corporation (hereinafter referred to as ''National'') for production of a certain motion picture entitled ''Magnificent Matador'' (hereinafter referred to as the ''motion picture''), by reason of the undersigned's payments to the bank under his guaranty of payment in connection with said bank loan; (b) that the undersigned is subrogated to all rights and remedies assertible by the bank in respect to such collateral, including but not limited to, the motion picture, as well as all rights therein, and the motion picture properties and dis-

tribution revenue deriving therefrom; (c) that the undersigned is entitled to a reassignment of the security (consisting of television film revenue) delivered to the bank by the undersigned as security for said guaranty; (d) that any and all funds and monies now held by the bank or receivable or collectible by the bank in connection with said motion picture or said security are recoupable by the undersigned; and (e) that any and all sums or currencies now held by or in the name of any distributor or distributors or depositaries, including those payable in foreign currencies, which have accrued or which may accrue in favor of National or to the credit of National or its subsidiaries, in connection with said motion picture are and constitute part of the bank's collateral aforesaid, and that plaintiff is subrogated to the rights and remedies of said bank and National in respect thereto and to any and all sums, revenues and proceeds deriving from the distribution and exploitation of said motion picture.

''2. The undersigned also claims that National has retained and caused its subsidiaries to retain or to be paid to themselves or one or more of them certain distribution revenue, including sums paid in foreign currencies, from said motion picture, recoupable by the undersigned or payable to the undersigned as the bank's subrogee, including divers sums deducted by them from such distribution revenue in the form or guise of purported and unauthorized distribution fees and commissions, purported 'transportation' and 'release print' costs, and other improper, unauthorized or spurious charges, expenses and costs relating to the distribution of said motion picture, including sums paid or payable in so-called foreign or blocked currencies or credits. The undersigned also claims that duplicate foreign distribution fees and commissions were paid to National and National's subsidiaries; and that National had no right to pay distribution fees to itself and additional distribution fees to its subsidiaries for such distribution; and that the fees to National were to be in payment of such distribution services to be rendered by National, including those rendered through its subsidiaries.

''The undersigned is unable to determine the value or extent of said collateral, security, distribution revenues, improper distribution fees, deductions, charges, expenses, etc. hereinbefore described.

''The undersigned prays for an award:

''(a) adjudging that the undersigned was and is subrogated to the rights of the bank in or to such collateral;

"(b) adjudging that the undersigned's rights in respect thereto, including the motion picture, motion picture properties, distribution agreement, distribution revenues, or other fruits therefrom, are superior and prior to the rights (if any) of the parties hereinbefore named, to the extent of the amounts paid upon his said guaranty with interest;

"(c) enjoining the parties above named from making any disposition of any collateral, monies, credits or property hereinbefore described, except to the undersigned;

"(d) adjudging that the parties hereinbefore named have no right to or interest in said security for performance of said guaranty;

"(e) adjudging that the undersigned is entitled to all unpaid distribution revenues, including any in foreign currencies, deriving from the motion picture which have accrued or which may accrue therefrom, for purposes of such recoupment;

"(f) requiring National, Alperson and National's subsidiaries or transferees or designees under National's control to account to the undersigned with respect to the matters set forth in paragraph 2 above, or requiring National or Alperson to pay any losses or damages caused thereby;

"(g) construing said agreement of October 6, 1954 as amended, or declaring and effectuating the mutual understanding and agreement of the parties thereunder, including such reformation, if any, as may be necessary to that end; and

"(h) awarding the undersigned such sums as he may be entitled to."

No decision containing facts just like ours is at hand to guide us, but we find ample support for our conclusion that the award was authorized in cases we deem in point. We quote a passage from *Grunwald-Marx, Inc.* v. *Los Angeles Joint Board, supra,* 52 Cal.2d 568, 589-590 [343 P.2d 23, 35], repeated in part in *Ryan Aeronautical Co.* v. *International Union etc., Local 506* (1959), 173 Cal.App.2d 463, 468 [343 P.2d 356, 359] : "Moreover, even if the issue of damages had not been specifically submitted to the arbitrators, damages were properly included in the award. This conclusion is inherent in the reasoning of the case of *Sapp* v. *Barenfeld,* 34 Cal.2d 515 [212 P.2d 233], where an order which had vacated an award because it had failed to grant damages was reversed by this court for the reason that no proof of damage had been offered to the arbitrators. But the court clearly implied that where a contract breach has been submitted to

arbitration although damages are not included expressly in the submission, if proper proof is made, damages may and should be awarded. This conclusion is in accord with common sense. All the necessary facts are before the arbitrators. All the evidence necessary on the issue was introduced. The damages are liquidated. The Union makes, and could make, no claim of surprise or prejudice. No useful purpose would be served in such a case by limiting the arbitrators to determining that there had been a breach of contract, and then relegating the parties to a new proceeding to fix damages." See also *Straus* v. *North Hollywood Hospital, Inc.* (1957), 150 Cal.App.2d 306, 312 [309 P.2d 541, 545].

We see no reason to doubt the correctness of our conclusion because of anything held or stated in either *Bierlein* v. *Johnson* (1946), 73 Cal.App.2d 728 [166 P.2d 644] or *Drake* v. *Stein* (1953), 116 Cal.App.2d 779 [254 P.2d 613]. Nor did the trial court err in not being persuaded by the testimony of Arbitrator Lord, that the award should be vacated. The conclusion might be reached that the reasoning of the arbitrators proceeded upon a false premise but this would not justify the vacation of the award. As to the argument that the Case Demand was against National Corp. only, and did not authorize an award against Alperson, Sr., this is to be noted: Alperson, Sr., was one of those to whom the Demand was addressed; Alperson, Sr., was a party to and incurred obligations under the agreement of October 6th, which he signed both personally and on behalf of National Corp., as its president; that he and Carroll Case both became guarantors of the repayment of bank loans to National Corp. amounting to $600,000; he and National Corp. joined in the many claims submitted to the arbitrators in their joint counterclaim; and Carroll Case, in his Demand, prayed that National Corp. and Alperson, Sr., be required to account to him (Case) with respect to sums received as distribution fees, and that he (Case) be awarded "such sums as he may be entitled to." In the premises it would appear beyond dispute that evidence might quite properly have been presented to the arbitrators, showing that Alperson, Sr., and National Corp. owed $154,506.48 to Carroll Case, as a result of the activities started by and carried on under the agreement of October 6th, and that if he (Case) were awarded that sum, full justice would be done him and neither he nor National Corp. or Alperson had need of any further relief. With the merits of the arbitration we have

nothing to weigh. The award was within the scope of the matters submitted to arbitration. It does not appear that the powers of the arbitrators were incompletely exercised. The award was properly affirmed.

 In the natural course of events, such an award as that here would be followed by a judgment (Code Civ. Proc., § 1291), and so it was in this case. Had the judgment provided simply that Carroll Case recover $154,506.58 from National Corp. and Alperson, Sr., and that they take nothing from him, their counterclaims, set forth in the arbitration proceedings, being denied in total, we would have had no hesitancy in affirming it. But it was not the simple judgment authorized by section 1291. In the first place it again bears the numbers and is captioned in the two civil cases as well as "In the Matter of Motion of National Pictures Corporation and Edward L. Alperson to Vacate Arbitration Award, etc. . . ." It begins: "The above-entitled actions having heretofore been consolidated for all purposes; and the same having heretofore been stayed by order of this court pending arbitration. . . ." Then, among the terms of the actual judgment we find: "4. It Is FURTHER ADJUDGED AND DECREED that except as adjudged and decreed in paragraphs 2 and 3 hereof, the claims of Carroll Case against National Pictures Corporation, Edward L. Alperson and Primero Productions, Inc., or any of them, including those set forth against said parties in his amended complaint in action number 685021, be and the same are hereby dismissed with prejudice;

"5. It Is FURTHER ADJUDGED AND DECREED that the above actions as so consolidated shall proceed in respect to any claims or cross-claims affecting parties herein who were not parties to said arbitration proceedings, i.e., in respect to all remaining claims and cross-claims other than those asserted herein by Carroll Case against National Pictures Corporation, Edward L. Alperson and Primero Productions, Inc., or any of them, or by National Pictures Corporation and Edward L. Alperson, or either of them, against Carroll Case and Primero Productions, Inc., or either of them."

The two paragraphs just quoted can be reasonably interpreted only as parts of a judgment in the civil actions in which the judgment is captioned. The 4th purports to base a disposition of claims set forth in plaintiff Case's amended complaint on a ground not pleaded in the civil actions, to-wit that they have been adjudicated. The 5th is plainly an order

proper only in the civil cases, after notice. Moreover, it accomplishes nothing that would not be accomplished if nothing was said about it. Any judgment in the civil cases at this time is plainly premature. Lillian Alperson and Alperson, Jr., have a cross-complaint for declaratory relief pending and are in no way precluded by the arbitration to which they were not parties. The civil actions have not been tried, and Findings of Fact have neither been filed nor waived, without which a judgment even as to National Corp. and Alperson, Sr., could not properly be entered in them. But it has been held an appeal from a premature judgment must be dismissed. (*Sjoberg* v. *Hastorf* (1948), 33 Cal.2d 116 [199 P.2d 668].)

It seems to us, however, that it would be a sad thing to dismiss this appeal from a judgment, correct but for the extraneous matter that has crept into it, and which would doubtless be re-entered with the extraneous matter omitted, as soon as it reached the trial court. There is a way that this useless action may be avoided: by striking from the judgment, proper under section 1291, Code of Civil Procedure, that which should not be in it. We, therefore, affirm the order that confirms the award; order paragraphs numbered 4 and 5 stricken from the judgment; affirm the judgment as so modified; and order the appeal from the nonappealable order denying the defendants a new trial, dismissed.

Shinn, P. J., and Ford, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied August 10, 1960.