[Civ. No. 29217.   Second Dist., Div. Two.   Apr. 28, 1966.]

GENERAL PRECISION, INC., Plaintiff, Cross-defendant and Appellant, v. INTERNATIONAL ASSOCIATION OF MACHINISTS, AFL-CIO et al., Defendants, Cross-complainants and Respondents.

Theodore H. Lassagne, Paul, Hastings, Janofsky & Walker, Leonard S. Janofsky and Dennis H. Vaughn for Plaintiff, Cross-defendant and Appellant.

Rose, Klein & Marias and Alfred M. Klein for Defendants, Cross-complainants and Respondents.

FLEMING, J.—Appeal from a judgment and order confirming an arbitration award under the provisions of a collective bargaining agreement. (Code Civ. Proc., § 1294.)

In 1962, Christmas Day and New Year's Day fell on Tuesday. Under the collective bargaining agreement between General Precision, Inc., and the Machinists' Union, the half day before Christmas, Christmas Day, and New Year's Day were paid holidays. The contract also provided that the normal work week was Monday to Friday, that overtime must be paid for work on Saturday, and that "Employees are expected by both parties to this contract to work the half shift the day before Christmas in a normal manner. Any employee who fails to do so forfeits the half day holiday pay."

In November 1962 the company announced that no work would be scheduled for Monday, December 24, and Monday, December 31. Instead, the machinists would be scheduled to work Saturday, December 29, and Saturday, January 5, at regular pay without overtime. The union refused to waive its right to overtime pay for Saturday work, and its members did not work on either Saturday, although other employees worked on the amended schedule. Under the arbitration provisions of the contract the union filed a notice of grievance protesting the forced reduction in its members' working hours.

The arbitrator was asked to decide, first, if the grievance was arbitrable, second, if the company violated the collective bargaining agreement by not scheduling a half day's work on Monday, December 24, and a full day's work on Monday, December 31, and, third, what remedy should be ordered. The arbitrator found that the company had acted unreasonably and arbitrarily in forcing the union to give up either its right to overtime pay or its right to work the half day before Christmas and the full day before New Year's. He also found that the company had no reasonable ground to deviate from the contractually-defined work week and that its reason for altering the work week, expected absenteeism, was at variance with the expectation of the parties that "Employees are expected by both parties to this contract to work the half shift the day before Christmas in a normal manner." The arbitrator ordered the company to pay the machinists back wages of approximately $20,000 for the 12 working hours lost.

The trial court found that the arbitrator had not exceeded the jurisdiction and authority conferred upon him by statute and by the agreement and confirmed the award. (Code Civ. Proc., § 1287.4; *Posner* v. *Grunwald-Marx, Inc.*, 56 Cal.2d 169, 189 [49 Cal.Rptr. 297, 363 P.2d 313]; *Case* v. *Alperson*, 181 Cal.App.2d 757, 759, 761 [5 Cal.Rptr. 635].)

The sole contention on appeal is that the award should be vacated because the arbitrator exceeded the powers given him by the collective bargaining agreement. (Code Civ. Proc., § 1286.2, subd. (d).) The agreement provides, "The arbiter shall only have jurisdiction and authority to interpret and apply the existing provisions of this Agreement insofar as it shall be necessary to the investigation and determination of such grievance. He shall not have jurisdiction or authority to alter in any way the provisions of this Agreement nor shall he make decisions, awards, or determinations which add to or subtract from any of the provisions of this Agreement." Appellant contends that the arbitration award alters and subtracts from the management-rights clause of the contract, which states, "The Company shall have the exclusive right and power to manage the plant and to direct the working forces, including the right to hire, promote, demote, and transfer, subject to the provisions of this agreement; and to discharge or discipline for just cause, and to maintain discipline, subject to the provisions of this agreement. In addition, the Company shall have the sole and exclusive right and responsibility of scheduling production and assigning the work, methods, processes, and means of manufacture and the right to remove or determine the location of plants." Appellant argues that management's right to schedule production includes the right to specify working days, that this is an absolute right in no way qualified or limited by any other provision of the agreement, and that this absolute right was altered by the arbitrator's decision. Appellant finds significant the fact that the first sentence of the management-rights clause twice contains the phrase "subject to the provisions of this agreement" while the last sentence in the clause does not.

We think appellant, by magnifying one clause of the contract at the expense of its other relevant provisions, has interpreted the agreement in lopsided fashion. For example, the contract provides that the normal work week shall be Monday to Friday, overtime shall be paid for Saturdays, and employees are expected by both parties to work a half shift the day before Christmas. If the right to schedule production were exalted into the broad, unrestricted right urged by appellant, these and other provisions of the contract would be nullified, and portions of the agreement itself become meaningless. As respondent points out, any contract, including a collective bargaining agreement, must necessarily be read as a

whole in order to determine the meaning and intent of the parties. (Civ. Code, §§ 1636, 1641, 1650; *McKay* v. *Coca-Cola Bottling Co.,* 110 Cal.App.2d 672, 676 [243 P.2d 35].)

The arbitrator was under a duty to interpret, harmonize, and apply the various provisions of the contract, including the management-rights clause, in order to give the contract meaning as an effective instrument for the resolution of labor disputes. The arbitrator performed his duty within the prescribed limits of the agreement, the relief granted by him was within the scope of his delegated powers, and the merits of his decision are not reviewable by the courts. (Code Civ. Proc., § 1286.2; *Ryan Aeronautical Co.* v. *International Union etc. Local 506,* 173 Cal.App.2d 463, 467, 468 [343 P.2d 356]; *Grunwald-Marx, Inc.* v. *Los Angeles Joint Board,* 52 Cal.2d 568, 589-590 [343 P.2d 23]; *Griffith Co.* v. *San Diego College for Women,* 45 Cal.2d 501, 510-511 [289 P.2d 476, 47 A.L.R.2d 1349]; *Atchison, T. & S.F. Ry.* v. *Brotherhood of R.R. Trainmen,* 229 Cal.App.2d 607, 612-613 [40 Cal.Rptr. 489].)

The judgment and order are affirmed.

Roth, P. J., and Herndon, J., concurred.